# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARLENE MONTESINOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NATIONSTAR MORTGAGE LLC AND | § | CAUSE NO. 4:15-CV-749 |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Marlene Montesinos ("Plaintiff") defaulted on her home equity loan and has not made a payment in several years. But, instead of facing the consequences of her default, Plaintiff filed this lawsuit asking the Court to allow her to live in her house for free forever.

In support of her request for a free house, Plaintiff argues that Defendants Nationstar Mortgage LLC ("Nationstar") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants") are barred from foreclosing on her property by the applicable statute of limitations because Plaintiff's mortgage servicer accelerated the mortgage more than four years ago and did not foreclose. But Plaintiff overlooks that the previous acceleration of the mortgage was abandoned. Therefore, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants file this Cross-Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment and respectfully show the Court as follows:

**STATEMENT OF THE CASE**

After living in her home for free since 2008,[1] Plaintiff filed this suit in an attempt to avoid the obligations of her home equity loan (the "Mortgage"). Plaintiff's Mortgage was initially accelerated in April of 2009 (the "2009 Acceleration").[2] Plaintiff now argues that, because the 2009 Acceleration occurred more than four years ago, Defendants are barred from foreclosing by the applicable four-year statute of limitations.[3] However, the 2009 Acceleration was abandoned before the limitations period expired.

Under Texas law, the acceleration of a mortgage loan can be abandoned unilaterally by conduct or by joint agreement and/or conduct of the parties. *See, e.g., Clawson v. GMAC Mortg., LLC*, 3:12-CV-00212, 2013 WL 1948128, at *3-4 (S.D. Tex. May 9, 2013). Once "a noteholder abandons acceleration, he no longer must foreclose within four years from the date of acceleration." *Leonard v. Ocwen Loan Servicing, LLC*, CIV.A. H-13-3019, 2014 WL 4161769, at *4 (S.D. Tex. Aug. 19, 2014). There are "no genuine issues of material fact" that an acceleration has been abandoned when a mortgage servicer demands less than the full balance of the mortgage after acceleration has occurred. *Id.* at *4-5. Here, Nationstar demanded less than the fully matured and accelerated balance of the Mortgage on several occasions after the 2009 Acceleration.[4] As such, the summary judgment evidence proves that, as a matter of law, the 2009 Acceleration was abandoned.

---

[1] Deposition of Marlene Montesinos at 13:14 – 13:16, a true and correct copy of which is attached as <u>Exhibit A</u>.
[2] Complaint at ¶ 18.
[3] Complaint at ¶ 19.
[4] Affidavit of Fay Janati, a true and correct copy of which is attached as <u>Exhibit B</u>; October 30, 2012 Welcome Letters, a true and correct copy of which is attached as <u>Exhibit C</u>; January 2013 Monthly Statement, a true and correct copy of which is attached as <u>Exhibit D</u>; January 2014 Monthly Statement, a true and correct copy of which is attached as <u>Exhibit E</u>; Februar 2014 Notice of Default, a true and correct copy of which is attached as <u>Exhibit F</u>.

# SUMMARY JUDGMENT STANDARD

## A. Legal standard for Plaintiff's Motion for Summary Judgment.

Summary judgment shall be rendered only when the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Here, the 2009 Acceleration was abandoned. As a result, Plaintiff is not entitled to judgment as a matter of law, and Plaintiff's Motion should be denied.

## B. Legal standard for Defendants' Cross-Motion for Summary Judgment.

A defendant who seeks summary judgment on a plaintiff's claim must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary-judgment evidence that negates the existence of a material element of the plaintiff's claim or (2) showing there is no evidence to support an essential element of the plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23. Once a defendant has properly made and supported its motion for summary judgment, a plaintiff must come forward with specific facts showing a genuine issue for trial. To sustain this burden, a plaintiff must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, at 250-51 (1986); *see also Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992).

Here, the summary judgment evidence demonstrates that the 2009 Acceleration was abandoned and that Plaintiff's claims consequently fail as a matter of law. Therefore, Defendants' Motion should be granted.

## FACTUAL BACKGROUND

**A. Plaintiff almost immediately defaulted on the Mortgage.**

Plaintiff obtained the Mortgage from Countrywide Bank, FSB ("Countrywide") in March of 2008 because she was having trouble paying herself and her employees and she needed cash to make her payroll.[5] On her application for the Mortgage, Plaintiff stated that she was earning more than $90,000 per year.[6] In reality, she was only earning between $20,000 to $30,000 per year.[7] Countrywide determined that Plaintiff was eligible for the Mortgage based on the income stated in her application.

On or around March 25, 2008, Plaintiff executed a Texas Home Equity Note (the "Note") and a Texas Home Equity Security Instrument (the "Deed of Trust") to originate the Mortgage in favor of Countrywide.[8] The maturity date of the Mortgage is April 1, 2038, and the Mortgage encumbers the Property located at 14611 Cobre Valley Drive, Houston, Texas 77062 (the "Property").[9] Plaintiff acknowledges that, by signing the Note and Deed of Trust, she agreed to all terms therein, including that the Property would be foreclosed upon if she failed to satisfy her payment obligations.[10] Currently, Freddie Mac holds the Mortgage,[11] and Nationstar has been servicing the Mortgage since October of 2012.[12]

---

[5] Exhibit A at 27:8 – 27:15; 90:5 – 91:18.
[6] Application at p. 2, a true and correct copy of which is attached as Exhibit G. Upon information and belief, this misrepresentation induced Countrywide to assert originate the Mortgage. As such, Defendants plan to seek leave to file a counterclaim against Plaintiff for fraud.
[7] Exhibit A at 90:5 – 91:18.
[8] Texas Home Equity Note, a true and correct copy of which is attached as Exhibit H; Texas Home Equity Security Instrument, a true and correct copy of which is attached as Exhibit I.
[9] Exhibit H; Exhibit I.
[10] Exhibit A at 20:19 – 20:23; 24:15 – 24:18.
[11] Complaint at ¶ 20.
[12] Exhibit A at 93:3 – 93:14; Exhibit C.

Although Plaintiff received almost $12,000 cash from the Mortgage,[13] it did not prevent her from defaulting almost immediately. Plaintiff's first payment on the Mortgage was due on May 1, 2008.[14] Just two months later, Plaintiff was already in default.[15]

**B. Plaintiff fails to cure her default, so Countrywide accelerated the Mortgage.**

As a result of her default, Countrywide sent Plaintiff multiple Notices of Default, advising Plaintiff that the Mortgage would be accelerated if she failed to bring her Mortgage current.[16] Because Plaintiff failed to cure her default, Countrywide, by and through its foreclosure counsel, sent Plaintiff a Notice of Acceleration on April 17, 2009, thereby consummating the 2009 Acceleration.[17]

Under the terms of the Mortgage, once accelerated, the maturity date of Plaintiff's Mortgage was no longer April of 2038 and all sums due and owing under the Mortgage, in total, were immediately due and payable.[18] For instance, according to the Note, if Plaintiff failed to cure her default after receiving a Notice of Default, she would owe each and every dollar secured by the Mortgage rather than just the amount by which she had defaulted:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay **immediately the full amount of Principal which has not been paid and all interest that I owe on that amount.**[19]

The Deed of Trust contains a similar provision:

---

[13] HUD-1 Settlement Statement, a true and correct copy of which is attached as Exhibit J.
[14] Exhibit H at § 3(A).
[15] July 2008 Notice of Default, a true and correct copy of which is attached as Exhibit K.
[16] Exhibit K; March 2009 Notice of Default, a true and correct copy of which is attached as Exhibit L.
[17] Affidavit of Shirley Walker, a true and correct copy of which is attached as Exhibit M. Since at least April 2009, Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin") has served as foreclosure counsel for Plaintiff's Mortgage servicer. After the 2009 Acceleration, Barrett Daffin posted the Property for foreclosure, but Barrett Daffin has not sent Plaintiff a Notice of Substitute Trustee's Sale since February of 2010. Exhibit M.
[18] Exhibit H; Exhibit I.
[19] Exhibit H at ¶ 6(C) (emphasis added).

HOU:0103793/00291:1812127v1

The [Notice of Acceleration] shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower **must pay all sums secured by this Security Instrument.**[20]

Plaintiff failed to cure her default after the 2009 Acceleration. Instead, she sought out loss mitigation alternatives.[21] As a result, Countrywide did not foreclose.[22]

**C. After it began servicing the Mortgage, Nationstar demanded less than the full balance of Plaintiff's Mortgage.**

Nationstar began servicing the Mortgage in October of 2012.[23] On October 30, 2012, Nationstar sent correspondence to Plaintiff about its new role as the Mortgage servicer (the "Welcome Letters"). In the Welcome Letters, Nationstar stated that the Mortgage's principal balance was $126,818.85 and that the amount necessary to pay off the Mortgage, which was the accelerated Mortgage amount, was $191,150.97.[24] However, Nationstar demanded that Plaintiff pay less than the accelerated balance of the Mortgage, stating that the total current amount due at that time was only $58,620.24, as follows:[25]



| LOAN NUMBER | TOTAL CURRENT AMOUNT DUE |
|---|---|
| | $58,620.24     10/01/2012 |
| WRITE YOUR LOAN NUMBER ON YOUR CHECK OR MONEY ORDER AND MAKE PAYABLE TO NATIONSTAR MORTGAGE | LATE PAYMENT IF RECEIVED ON OR AFTER |
| | 10/17/2012 |

As such, as of October 2012, Nationstar clearly communicated to Plaintiff that the Mortgage was no longer accelerated and that Plaintiff was not being asked to pay the accelerated balance of the Mortgage.

Nationstar also demanded less than the accelerated amount of the Mortgage in mortgage statements dated January 18, 2013 (the January 2013 Statement") and January 21, 2014 (the

---

[20] Exhibit 1 at ¶ 17. (emphasis added).
[21] Exhibit A at 39:4 – 39:9.
[22] Exhibit A at 50:8 – 50:25.
[23] Exhibit C.
[24] Exhibit C.
[25] Exhibit C (emphasis added).

"January 2014 Statement").²⁶ The plain language of the January 2013 Statement and the January 2014 Statement demonstrates that the Mortgage was not accelerated.

Finally, in confirmation that the acceleration of the Mortgage had been abandoned, Nationstar sent Plaintiff another Notice of Default and Intent to Accelerate on or around February 14, 2014 (the "2014 Notice of Default").²⁷ The 2014 Notice of Default also clearly indicated that the Mortgage was not accelerated:

> Unless we receive full payment of all past-due amounts by the date above, **we will accelerate the entire sum** of both principal and interest due and payable, and invoke any remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.²⁸

The Mortgage has not since been re-accelerated.²⁹

As discussed below, the summary judgment evidence clearly shows that the 2009 Acceleration was abandoned. Therefore, Defendants' Motion should be granted, and Plaintiff's Motion should be denied.

## ARGUMENTS AND AUTHORITIES

**A. The 2009 Acceleration was abandoned as a matter of law.**

The summary judgment evidence demonstrates that, as a matter of law, the 2009 Acceleration was abandoned. The four-year limitations period on a foreclosure cause of action begins from the exercise of the option to accelerate. *Holy Cross Church of God in Christ*, 44 S.W.3d at 565; *see also* TEX. CIV. PRAC. & REM. CODE § 16.035. But the acceleration and the foreclosure cause of action can be abandoned by the parties' agreement or actions. *Clawson v. GMAC Mortg.*, No. 3:12-cv-00212, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013). In fact, conduct alone is sufficient to abandon acceleration, and "a lender can unilaterally abandon an

---
²⁶ Exhibit D.
²⁷ Exhibit E.
²⁸ Exhibit F.
²⁹ Exhibit F.

- 7 -
HOU:0103793/00291:1812127v1

acceleration . . . ." *Leonard v. Ocwen Loan Servicing, L.L.C.*, 14-20611, 2015 WL 3561333, at *3 (5th Cir. June 9, 2015); *see also Biedryck v. U.S. Bank Nat'l Ass'n*, 01-14-00017-CV, 2015 WL 2228447, at *4 (Tex. App.—Houston [1st Dist.] May 12, 2015, no. pet. h.). The actions by which a party can abandon acceleration "include, but are not limited to, accepting payment without pursuing remedies available upon acceleration, interest charged compared to permitted interest while in acceleration, **statements by either party about the loan's acceleration status**, and filing a unilateral notice of rescission of acceleration." *In re Rosas*, 520 B.R. 534, 539 (W.D. Tex. 2014) (internal citations omitted) (emphasis added). "[A] formal written agreement is not required to abandon acceleration, and a note holder may abandon acceleration by action alone and without an express agreement." *Biedryck*, 2015 WL 2228447, at *5. Once an acceleration has been abandoned, the statute of limitations clock resets. *See Clawson*, 2013 WL 1948128 at *3.

Here, the summary judgment evidence establishes that the 2009 Acceleration was abandoned. As Plaintiff acknowledges, acceleration means that the **entire debt is immediately due and owing**.[30] The law is clear that acceleration can be abandoned by "seeking less than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters." *Cline v. Deutsche Bank Nat. Trust Co.*, 3:14-CV-1565-D, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015). For instance, in *Leonard v. Ocwen Loan Servicing, LLC,* borrowers sought to invalidate a lien by alleging that the servicer failed to foreclose on a property within four years of accelerating collection of the note. *Leonard*, 2015 WL 3561333, at *2. **The Fifth Circuit determined that the servicer abandoned the previous acceleration by sending account statements requesting less than the full amount of the debt.** *Id.* at *4.

---

[30] Exhibit A at 23:3 – 23:15; Exhibit H.

Like the correspondence in *Leonard*, Nationstar clearly indicated to Plaintiff that the Mortgage was not accelerated and that Nationstar was not seeking to collect the full amount of Plaintiff's debt in:

- the Welcome Letters;[31]
- the January 2013 Statement;[32]
- the January 2014 Statement;[33] and
- the 2014 Notice of Default.[34]

Therefore, "there is no genuine issue of material fact that [Nationstar], through [its] actions abandoned" the 2009 Acceleration because it "communicated explicitly . . . the intent to seek less than the accelerated amount of the full default" *Leonard v. Ocwen Loan Servicing, LLC*, CIV.A. H-13-3019, 2014 WL 4161769, at *5 (S.D. Tex. Aug. 19, 2014), *aff'd sub nom. Leonard*, 2015 WL 3561333; *see also Boren v. U.S. Nat. Bank Ass'n*, CIV.A. H-13-2160, 2014 WL 6892553, at *3 (S.D. Tex. Sept. 8, 2014), adopted in part, CIV.A. H-13-2160, 2014 WL 5486100 (S.D. Tex. Oct. 29, 2014) ("[A] note-holder may also abandon acceleration by its other actions, including providing account statements and mailing notice-of-intent-to-accelerate letters."). As such, Nationstar's Motion should be granted, and Plaintiff's Motion should be denied.

**B. Plaintiff's Motion misconstrues the law regarding abandonment of acceleration.**

In her Motion, Plaintiff relies upon (1) a November 6, 2009 Rule 736 Order (the "Order") allowing foreclosure as well as (2) several letters stating the extent of Plaintiff's default, as evidence that Nationstar is barred from foreclosing on the Property. In both respects, Plaintiff's reliance is misplaced.

---

[31] <u>Exhibit C</u>.
[32] <u>Exhibit D</u>.
[33] <u>Exhibit E</u>.
[34] <u>Exhibit F</u>.

- 9 -
HOU:0103793/00291:1812127v1

As an initial matter, the fact that Plaintiff's previous servicer obtained the Order does nothing to support Plaintiff's argument. *See Snowden v. Deutsche Bank Nat. Trust Co.*, CIV.A. H-14-2963, 2015 WL 5123436, at *3 (S.D. Tex. Aug. 31, 2015). For example, in *Snowden*, another court in this district soundly rejected Plaintiff's counsel's argument that, because a lender obtained an order allowing foreclosure, the lender was no longer able to abandon acceleration:

> Snowden argues that because Defendants also sought and obtained an Order Allowing Foreclosure under Texas Rule of Civil Procedure 736, Defendants could not abandon the 2005 acceleration . . . . The court is not persuaded by this argument. Plaintiff identifies no case law in support of his position, and the court is aware of none. Furthermore, the Houston Court of Appeals recently rejected the same argument: "[R]ule 736 merely provides a procedural device to obtain authorization to proceed with the remedy of foreclosure." *Biedryck v. U.S. Bank Nat'l Ass'n*, No. 01–14–00017–CV, 2015 WL 2228447, at *5 (Tex.App.-Houston [1st Dist.] May 12, 2015, no pet.).

*Id.* Under Texas law, the Order did not inhibit Nationstar or any of prior servicer from abandoning the 2009 Acceleration.

Plaintiff also states that there "are multiple written admissions over a period of years that the acceleration was not abandoned."[35] Such an assertion is patently false, and the very evidence Plaintiff relies upon undermines her argument. For instance, Plaintiff refers to a statement in a June 16, 2014 letter that the Mortgage was "approximately 70 payments delinquent and contractually next due for the September 8, [sic] 2008 monthly installment" as evidence of a "specific verification . . . that the acceleration had not been abandoned."[36] However, Nationstar's statement in that correspondence is wholly consistent with the abandonment of the 2009 Acceleration. If the 2009 Acceleration had not been abandoned, Plaintiff would not have

---

[35] Plaintiff's Motion at ¶32.
[36] Plaintiff's Motion at ¶ 26.

been contractually due for the September 8, 2008 monthly installment; rather, she would have been required to immediately pay the entire accelerated amount..[37]

Plaintiff's reliance on a February 19, 2015 letter, in which Nationstar stated that the Mortgage "is currently 2362 days past due" and which Plaintiff construes as yet another verification that the 2009 Acceleration had not been abandoned, is similarly misplaced.[38] Plaintiff reaches this conclusion by dividing the number of days Plaintiff was past due (2,362) by the number of days in a year (365) to conclude that the Mortgage was 6.47 years past due.[39] But Plaintiff's argument evidences a thorough misunderstanding of the principles at play in this case. The issue is not the extent of Plaintiff's default. The dispositive issue is whether the 2009 Acceleration had been abandoned. The extent of Plaintiff's default is simply irrelevant. In contrast, the fact that Plaintiff was past-due further supports the fact that the acceleration had been abandoned.

**C. Plaintiff's Suit to Quiet Title fails as a matter of law.**

As a result of the above, Plaintiff's suit to quiet title fails as a matter of law. A suit to quiet title allows a plaintiff to remove "any unlawful hindrance" on title to property that inaccurately appears to be superior to that plaintiff's interest in the property. *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (internal quotations and citations omitted). However, "the plaintiff must recover on the strength of his or her title, not the weakness of his adversary's." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *5 (W.D. Tex. July 25, 2011) (citation omitted).

Here, Plaintiff bases her suit to quiet title on her contention that Defendants are barred from foreclosing on the Property by the applicable statute of limitations and that its lien is,

---

[37] Plaintiff's Motion at ¶ 26.
[38] Plaintiff's Motion at ¶ 31.
[39] Plaintiff's Motion at ¶ 31.

therefore, unenforceable. Therefore, Plaintiff does not base her suit to quiet title on the strength of her own title. Instead, Plaintiff improperly focuses on the alleged weakness of Defendants' lien on the Property. As a result, Plaintiff's claim for suit to quiet title fails as a matter of law. *See Reardean*, 2011 WL 3268307, at * 5.

Furthermore, as discussed above, the summary judgment evidence demonstrates that Plaintiff's claim fails as a matter of law because the 2009 Acceleration was abandoned by the Parties' conduct. As a result of the abandonment, Defendants' lien is still valid. Thus, Plaintiff's claim for suit to quiet title fails as a matter of law.

**D. Plaintiff's declaratory judgment claim fails as a matter of law.**

Plaintiff is not entitled to a declaration from the Court that Defendants are barred from foreclosing on the Property. The Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy. *See Kazmi v. BAC Home Loans Servicing, Inc.*, 2012 WL 629440, *15 (E.D. Tex. Feb. 3, 2012) (Mazzant, J.) (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-41 (1937)). Declaratory relief is available only when there is an actual, substantial case or controversy between parties who have adverse legal interests of sufficient immediacy and reality. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007); *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). Furthermore, a request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *Kazmi*, 2012 WL 629440 at *15 (declaratory judgment is an equitable remedy that depends on a viable cause of action to survive). Because Plaintiff's contention that Defendants' lien is unenforceable fails as a matter of law due to the abandonment of acceleration, Plaintiff is not entitled to the declaration that she seeks. *Kazmi*, 2012 WL 629440 at *15; *Defranchesi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 626-27 (N.D. Tex. 2011);

*Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990); *see also Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. Appx. 398, 400-01 (5th Cir. 2011).

**E. Plaintiff's claim for violation of the Texas Debt Collection Act ("TDCA") fails as a matter of law.**

In the Motion, Plaintiff argues that Defendants violated the TDCA by sending her monthly mortgage statements and other correspondence when the lien was void.[40] This claim fails as an initial matter because the summary judgment evidence demonstrates that Defendants' lien is not void. Moreover, to state a TDCA claim, Plaintiff must show that she "suffered actual damages as a result of" Defendants' alleged violations of the TDCA. *Elston v. Resolution Servs.*, 950 S.W.2d 180, 185 (Tex. App.—Austin 1997, no writ); TEX. FIN. CODE § 392.403(a)(2). Plaintiff admits she has suffered no damages.[41] Thus, Plaintiff's TDCA claim fails as a matter of law.

**F. Plaintiff is not entitled to attorney's fees or injunctive relief.**

Plaintiff's request for attorney's fees requires that she plead a viable cause of action for which attorney's fees are allowed. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Because Plaintiff cannot succeed on any of her causes of action, she is not entitled to attorney's fees.

---

[40] Plaintiff's Motion at ¶¶ 38 – 53. Although it is not addressed in Plaintiff's Motion, Plaintiff complains in her complaint that a monthly mortgage statement contained "property inspection charges of $15.00 each for September 26, 2014, and four days later on September 30, 2014." It appears that Plaintiff has abandoned that claim. To the extent she has not, Plaintiff's complaint about the inspection charges cannot be a basis for a TDCA claim. As an initial matter, Plaintiff has not and cannot put forth any evidence that inclusion of an inspection charge caused her any damages. Additionally, Plaintiff cannot complain of an inspection charge because the Mortgage authorized Nationstar to conduct inspections of the Property. *See* Exhibit I at p. 4. Finally, even if Nationstar was not authorized to inspect the Property and charge Plaintiff for it, Plaintiff has not and cannot put forth any evidence that the inspection charges are a "misrepresentation of the character, extent, or amount of a consumer debt." *See* TEX. FIN. CODE § 392.304(a)(8).

[41] Exhibit A at 142:21 – 144:5.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Nationstar Mortgage LLC and Federal Home Loan Mortgage Corporation respectfully request that the Court deny Plaintiff's Motion in its entirety, and enter full and final summary judgment for Defendants against all of Plaintiff's claims. Defendants further request that the Court grant them all further relief at law and in equity to which they may be justly entitled.

Respectfully submitted,

/s/ Thomas G. Yoxall by permission K.L.K
THOMAS G. YOXALL
State Bar No. 00785304
Southern District Number: 16664
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 – telephone
(214) 740-8800 – *facsimile*

**COUNSEL FOR DEFENDANTS NATIONSTAR MORTGAGE LLC AND FEDERAL HOME LOAN MORTGAGE CORPORATION**

**OF COUNSEL:**

KURT LANCE KROLIKOWSKI
State Bar No. 24074548
Southern District Number: 1146373
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

DARON L. JANIS
State Bar No. 24060015
Southern District Number: 924407
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 – *telephone*
(214) 740-8800 – *facsimile*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel pursuant to the Federal Rules of Civil Procedure on October 2, 2015.

Ira D. Joffe
6750 West Loop South, Suite 920
Bellaire, Texas 77401
(888) 335-1060 – *facsimile*
ira.joffe@gmail.com

Kurt Lance Krolikowski

HOU:0103793/00291:1812127v1